IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL ALLEN FULBRIGHT,

                      **Plaintiff,**

        v.                                        CASE NO. 18-3212-SAC

**SHAWNEE COUNTY, et al.,**

                      **Defendants.**

## MEMORANDUM AND ORDER

Mr. Fulbright, a pre-trial detainee confined in the Shawnee County Jail, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint includes few details but seems to allege constitutional defects with his 2014 Kansas conviction for sexual battery.[1] As relief, Plaintiff requests removal from registration as a sex offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901, et seq.

**I.    Background**

On May 29, 2014, Mr. Fulbright pled nolo contendre to a violation of K.S.A. 21-5505(a), sexual battery, pursuant to a plea agreement. He was sentenced to 8 months incarceration. As a result of his conviction, he was required to register as a sex offender pursuant to the Kansas Offender Registration Act ("KORA"). K.S.A. 22-4902(b)(5). Under K.S.A. 21-4906(a)(1)(A), Plaintiff is required to register for 15 years from the date of his release from confinement. The

---

[1] Case No. 14-CR-000833 in the District Court of Shawnee County, Kansas.

1

KORA online registry site gives an "end of registration" date of December 19, 2029. Plaintiff completed his incarceration, then apparently failed to register for some period of time after his release. Kansas court records show that Mr. Fulbright has been charged with a violation of K.S.A. 22.4903(c)(1)(A), for failing to register and remains in custody awaiting trial. *See* online records for Shawnee County District Court, Case No. 2017-CR-000320 and Case No. 2017-CR-001194.[2]

Plaintiff filed this action on August 15, 2018, and has filed ten (10) other actions against various defendants with essentially the same allegations.

## II. Complaint

Plaintiff asserts that his 2014 conviction for sexual battery was "defective" and his sentence was "unjustified." ECF Doc. 1, at 2, 3. He claims violation of his rights under the Second and Fourteenth Amendments. *Id.* at 3. Mr. Fulbright also makes allegations that appear to relate to the charges he is currently facing, complaining he has been "made aware of 'offline' slander/libel with my name in relation to 'mug shot' in relation to being 'charged' with crimes w/o proof." *Id.* Plaintiff names as defendants Shawnee County, Kansas, and the Kansas Attorney General. He states he is seeking "removal from (K.O.R.A.) registration." *Id.* at 5.

## III. Discussion

Mr. Fulbright filed this action as a § 1983 civil rights complaint. However, because the complaint challenges his 2014 state criminal conviction and requests removal from KORA registration, that portion of the complaint is properly considered as a petition for writ of habeas corpus.[3] *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *U.S. v. Furman*, 112 F.3d 435, 438-39 (10th Cir. 1997), cert. denied, 513 U.S. 1050 (1994).

---

[2] The Court takes judicial notice of these publicly available records.
[3] If Mr. Fulbright had raised constitutional challenges to KORA, rather than to his 2014 conviction, the complaint would have been properly filed as a § 1983 action. *See Leslie v. Randle*, 296 F.3d 518, 523-24 (6th Cir.

## A. Habeas Corpus

The Court has a duty to summarily dismiss a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Having examined Mr. Fulbright's petition, the Court finds that this action is subject to dismissal because Plaintiff is no longer in custody pursuant to the challenged conviction, therefore depriving this Court of jurisdiction to consider his claim. Furthermore, Plaintiff has not exhausted the remedies available to him in state court and filed this action outside the period of limitations.

### 1. Lack of Jurisdiction

Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner seeking habeas relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Habeas relief is generally not available when a petitioner seeks to challenge a prior conviction for which he is no longer "in custody." *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001). Mr. Fulbright has completed his 8-month sentence for the 2014 conviction that he challenges here and is no longer incarcerated under that conviction.

However, Mr. Fulbright might argue that he remains "in custody" pursuant to the 2014 conviction because he is subject to the registration requirement and other restrictions imposed by KORA until 2029 as a result of that conviction. A petitioner may be found to be "in custody" for purposes of the habeas corpus act in situations where the petitioner is not physically incarcerated.

---

2002)(concurring opinion). Before Mr. Fulbright could proceed with a civil rights action, however, he would have to pay the full filing fee since he is a three-striker.

The custody requirement can be met where there is a severe restraint on a person's liberty imposed because of the individual's criminal conviction. *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). Hence, courts have found petitioners to be "in custody" when they are on parole or probation, or even released on their own recognizance pending execution of sentence, due to the significant restraints on liberty. See *id.*; *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963); *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992). In contrast, collateral consequences of a conviction, such as inability to vote or obtain certain licenses, are not sufficient to meet the custody requirement for a writ of habeas corpus. *See Maleng*, 490 U.S. at 492; *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998).

While Mr. Fulbright does not specifically make the argument, other similarly situated petitioners have argued that an offender registry requirement is a sufficient restraint on an individual's liberty to qualify as being "in custody." This argument has been uniformly rejected by the federal circuit courts, including the Tenth Circuit, even in the face of differing state registration act requirements. *See Calhoun v. Att'y General of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014)(Colorado registration statute); *Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008)(Wisconsin registration statute); *Wilson v. Flaherty*, 689 F.3d 332, 335, 338-39 (4th Cir. 2012)(considering Virginia and Texas registration statutes); *Leslie v. Randle,* 296 F.3d 518, 522-23 (6th Cir. 2002)(Ohio registration statute); *McNab v. Kok,* 170 F.3d 1246, 1247 (9th Cir. 1999)(Oregon statute); *Henry v. Lungren,* 164 F.3d 1240, 1241-42 (9th Cir. 1999)(California statute); *Williamson*, 151 F.3d at 1183-84 (Washington statute).

In *Calhoun*, the Tenth Circuit considered whether the ongoing registry obligation under Colorado's sex offender registry law satisfied the custody requirement for habeas relief. Mr. Calhoun pled guilty to unlawful sexual contact in 2002 and was sentenced to two years of probation

4

and required to register. His probation was terminated in 2007, and he filed a § 2254 petition challenging his conviction in 2012. *Calhoun*, 745 F.3d at 1072.

The court found that Mr. Calhoun had completed his sentence, and there were no conditions of his sentence that could subject him to reincarceration or that placed another restraint on his liberty. He was "free to live, work, travel, and engage in all legal activities without limitation and without approval by a government official." *Id.* at 1074. As a result, the court concluded that the Colorado sex offender registration requirements are "collateral consequences of conviction that do not impose a severe restriction on an individual's freedom." *Id.* The Tenth Circuit held that "the requirement to register under state sex-offender registration statutes does not satisfy § 2254's condition that the petitioner be 'in custody' at the time he files a habeas petition." *Id.*

The requirements under KORA do not differ materially from those of the Colorado act considered in *Calhoun*. Under KORA, Mr. Fulbright must register within three business days of coming into any county where he resides, works or attends school. He must report in person to the local registry agency four times a year. He has to provide identifying and contact information and be photographed and fingerprinted. K.S.A. 22-4905. He is included on a public website maintained by the Kansas Bureau of Investigation. However, as in *Calhoun*, Mr. Fulbright is "free to live, work, travel, and engage in all legal activities without limitation and without approval by a government official." *See Calhoun*, 745 F.3d at 1074. Moreover, the Kansas Supreme Court recently found that even a lifetime registration requirement under KORA is not punishment under the federal or Kansas constitution. *State v. Peterson-Beard*, 377 P.3d 1127, 1131 (Kan. 2016). "Although the 'in custody' requirement may be satisfied by restraints other than criminal punishment, . . . the [Kansas] Supreme Court's conclusion that [KORA] is a form of civil regulation provides additional support for our conclusion that the classification, registration, and

community notification provisions are more analogous to collateral consequences such as the loss of the right to vote than to severe restraints on freedom of movement such as parole." *Leslie*, 296 F.3d at 523 (internal quotation marks and citation omitted). Therefore, the Court finds that merely being subject to the KORA registration requirement is a collateral consequence of Mr. Fulbright's 2014 conviction and does not cause him to be "in custody" for habeas purposes.

However, that does not end the inquiry. The question raised by Mr. Fulbright's situation is whether the fact that he is in actual, physical custody for an alleged violation of a registration act causes him to be "in custody" under the original conviction for purposes of § 2254. The Tenth Circuit found in *Calhoun* that a future *threat* of incarceration for offenders who fail to comply with the offender registration statute is insufficient to satisfy the custody requirement. *Calhoun*, 745 F.3d at 1074. In Mr. Fulbright's case, we have moved beyond a mere future threat.

Two circuits have considered this question and reached opposite results. In *Zichko v. Idaho*, the petitioner pled guilty to rape and was sentenced in 1987. *Zichko v. Idaho*, 247 F.3d 1015, 1017 (9th Cir. 2001). He did not appeal. Mr. Zichko served his sentence, but then violated the Idaho sex offender registration act. He was incarcerated for that violation when he filed his § 2254 petition in 1997 challenging the underlying rape conviction. *Id.* at 1017-18.

The court first stated that it had several times held that merely being subject to a sex offender registry requirement does not satisfy the "in custody" requirement after the original conviction has expired, but then pointed out that in none of those cases was the petitioner actually incarcerated for failing to register. *Id.* at 1019. According to the court, it is "well settled" that where an offender is in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks, he meets the habeas "in custody" requirement. *Id.* at 1019, *quoting Carter v. Procuni*er, 755 F.2d 1126, 1129 (5th Cir. 1985). Therefore, the Ninth Circuit

found that "a habeas petitioner is 'in custody' for the purposes of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape 'is a necessary predicate' to the failure to register charge." *Id.*

The Third Circuit reached the opposite result. *Bonser v. Dist. Att'y of Monroe Cnty.*, 659 F. App'x 126 (3rd Cir. 2016)(unpublished). In *Bonser*, the petitioner was convicted in 2006 of unlawful contact with a minor and served his sentence. Then, he was convicted in 2013 for failing to register as a sex offender and was in prison at the time he filed his § 2254 petition challenging the underlying 2006 conviction. *Id.* at 127. The court cited *Calhoun* in support of the finding that sex offender registration requirements are collateral consequences of a conviction and do not rise to the level of "custody" for habeas purposes. *Id.* at 128.

The court reasoned that because the registration requirement is itself a collateral consequence of the sex offense conviction, any penalty that results from the violation of such requirement must be a collateral consequence as well. *Id., citing Maleng*, 490 U.S. at 492; *Davis v. Nassau Cty.*, 524 F. Supp. 2d 182, 189 (E.D.N.Y. 2007)(holding that "the fact that these collateral penalties are not merely a possibility, but have actually materialized . . ., does not make them any less collateral and, thus, does not change the 'in custody' analysis"). The Third Circuit went on to find that the petitioner's current custodial status was not a continuation of his expired sex offense sentence but was pursuant to an entirely separate conviction. Consequently, he was not "in custody" under the original conviction and could not obtain review of that conviction. *Id.* at 129. The court found that to decide the opposite would "reward law-breakers, because sex offenders who fail to register would have an additional opportunity to challenge their underlying convictions - no matter how old - while individuals who abide by the registration requirements would forgo such an opportunity." *Id.*

7

In a footnote, the court addressed the *Zichko* decision, stating "[o]nly the Court of Appeals for the Ninth Circuit has accepted the view that a petitioner is 'in custody' for the purpose of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law" and pointing out that "[n]o courts outside the Ninth Circuit have followed *Zichko*" and two federal district courts had explicitly rejected it. *Id.* at 129, n.4.

While the Tenth Circuit has not considered the issue, this Court finds the *Bonser* case persuasive. In his complaint, Mr. Fulbright challenges his underlying, expired conviction. Under Supreme Court precedent, he cannot bring a habeas action directed solely at the underlying conviction because he is no longer serving the sentence for that conviction. *Lackawanna*, 532 U.S. at 401. The on-going duty to register as a sex offender resulting from the 2014 conviction is a collateral consequence of the conviction, not a part of the sentence. *See Calhoun,* 745 F.3d at 1074. Therefore, that duty does not render Mr. Fulbright "in custody" for purposes of challenging the conviction through a habeas action. *See id.* Mr. Fulbright's conviction and incarceration for a violation of the duty to register is also a collateral consequence of the original conviction. *See Bonser*, 659 F. App'x at 128; *cf. Broomes v. Ashcroft*, 358 F.3d 1251 (10th Cir. 2004), *abrogated on other grounds*, *Padilla v. Kentucky*, 599 U.S. 356 (2010)(finding that the detention and impending deportation of lawful, permanent residents is a collateral consequence of their state criminal convictions and does not cause the defendants to be "in custody" for purposes of a habeas action challenging those expired state convictions).

This Court does not have jurisdiction to reach the merits of Mr. Fulbright's petition because he is not "in custody" under the conviction he challenges. *Accord Daniels v. Jones*, 2010 WL 3629835, at *5 (D. Colo. Sept. 9, 2010). The Court cannot consider the merits of Mr. Fulbright's

8

challenges to the 2014 sexual assault conviction and cannot provide relief from the KORA registry requirement.

### 2. *Younger* Abstention

To the extent Mr. Fulbright is raising a challenge to his current charges of failing to register under KORA, the abstention doctrine precludes this Court's intervention in a pending criminal prosecution. *See Younger v. Harris*, 401 U.S. 37, 43 (1971); *see also Hicks v. Miranda*, 422 U.S. 332, 349 (1975)(invoking *Younger* abstention in a case involving a pending state criminal prosecution, noting that the doctrine permits state courts to try state cases without a federal court's interference).

### 3. Failure to Exhaust

Even if this Court had subject matter jurisdiction over Mr. Fulbright's habeas claim, the claim would still fail. A federal court cannot grant a state prisoner's habeas petition unless the petitioner has exhausted his claims in state court. *See* 28 U.S.C. § 2254(b)(1). Exhaustion requires that a state prisoner give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Petitioner bears the burden of showing exhaustion. *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993). To satisfy the exhaustion prerequisite, Mr. Fulbright must have presented the very issues raised herein to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

Based on online state court records, it appears Mr. Fulbright filed an appeal of the 2014 conviction that was denied on March 16, 2015. He then filed numerous motions in the trial court, all of which were denied. He has not presented his claims to the Kansas Supreme Court. It appears

he is now out of time to seek such review under Kansas law. Consequently, he is barred from pursuing his habeas claim in federal court.

### 4. Statute of Limitations

The final problem with Mr. Fulbright's petition is that it is not timely. The statute of limitations for filing a habeas corpus petition is one year. 28 U.S.C. § 2244(d)(1). The "limitation period shall run from" the "latest of" four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute further provides for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).

Mr. Fulbright's appeal was dismissed on March 16, 2015. He then had thirty (30) days to seek review by the Kansas Supreme Court. *See* K.S.A. 20-3018(b). The one-year limitation period for filing a § 2254 petition began to run on or about April 16, 2015, and because Mr. Fulbright has apparently not filed for State collateral review, there is no basis for statutory tolling under § 2244(d)(2). Mr. Fulbright filed this action on August 15, 2018, more than three years after his

sentence became final, well beyond the one-year limitation period. Plaintiff's petition is untimely and is subject to dismissal.

**B. Non-Habeas Claims**

The portion of Mr. Fulbright's complaint that alleges slander, libel, or defamation is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Plaintiff "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Accordingly, Plaintiff must pay the full filing fee before proceeding, unless he had established a threat of imminent danger of serious physical injury. *Id.* While Plaintiff alleges he is in imminent danger, his allegations are vague, conclusory, and exhibit no nexus with the claims he asserts and therefore fail to satisfy the exception to the three-strikes provision. *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011); *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2nd Cir. 2009); *see also Davis v. CoreCivic*, 2017 WL 4269986, *1 (W.D. Okla. Sept. 26, 2017); *Lynn v. Roberts*, 2011 WL 3667171, *1 (D. Kan. Aug. 22, 2011).

Even if Mr. Fulbright paid the filing fee, his non-habeas claims would be subject to dismissal. Most problematically, Plaintiff's allegations do not state a claim for violation of his constitutional rights as required for a § 1983 action. Plaintiff seems to complain that he heard "through the grapevine" that his mug shot was "offline" in relation to charges of child pornography, molestation, and date rape. ECF Doc. 1, at 2. The vague and confusing assertions do not demonstrate any actions on the part of state actors that rise to the constitutional level. "[S]tigmatization or reputational damage alone, no matter how egregious, is not sufficient to support a § 1983 cause of action." *McGhee v. Draper*, 639 F.2d 639, 643 (10th Cir. 1981); *see also*

11

*Siegert v. Gilley*, 500 U.S. 226, 233-34 (1991). Absent some further ongoing damage, a claim alleging reputational damage does not rise to a constitutional level and should be pursued under state tort law. *Allen v. Denver Public School Bd.*, 928 F.2d 978, 982 (10th Cir. 1991).

### C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

Having considered the petition and the nature of the claim presented, the Court dismisses this matter. Accordingly,

**IT IS THEREFORE ORDERED** that this matter is dismissed.

**IT IS SO ORDERED.**

DATED: This 27th day of August, 2018, at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge